## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

Montague Green                              Civil Action No. 6:16-cv-1425

versus                                      Judge Rebecca F. Doherty

Jonathan Freedle and Ace American
Insurance Co.                               Magistrate Judge Carol B. Whitehurst

### REPORT AND RECOMMENDATION

This matter is before the Court on: a Motion to Remand (Doc. 8), filed by Plaintiff Montague Green; a Memorandum in Opposition (Doc. 10), filed by Defendants Jonathan Freedle ("Freedle") and Ace American Insurance Company ("Ace American") (collectively "Defendants"); and Plaintiff's Reply (Doc. 13). For the following reasons, the undersigned recommends that the Motion To Remand be denied.

### I.  Background

This action arises from a motor-vehicle accident that occurred in New Iberia on or about July 14, 2015, wherein a vehicle driven by Freedle collided with Plaintiff's vehicle. (Doc. 5-1 at pp. 2-3.) On July 12, 2016, Plaintiff filed a Petition for Damages in the Sixteenth Judicial District Court, Parish of Iberia, Louisiana. (Doc. 5-1 at p. 2.) Plaintiff seeks damages for medical expenses, physical and mental pain, the loss of enjoyment of life, loss of use of the vehicle, and loss of consortium.

(Doc. 5-1 at p. 4.)  The Petition for Damages does not seek a determinate amount of damages.  On June 3, 2016, the Defendants removed this case from state court.  (Doc. 1.)

## II. The Parties' Contentions

In their Notice of Removal, the Defendants assert that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship among the parties.  (Doc. 1 at p. 2.)  Based on the damages sought by Plaintiff and his settlement demands for $126,000.00 and $90,000.00, Defendants further assert that the amount in controversy exceeds the jurisdictional threshold amount of $75,000.00.  (Doc. 1 at p. 2.)

While not contesting diversity of citizenship, Plaintiff argues in his Motion to Remand that it is not "facially apparent" from his Petition for Damages that his claims exceed $75,000.00.  (Doc. 8-1 at p. 3.)  Plaintiff contends that Defendants have offered no evidence in their Notice of Removal to establish by a preponderance of the evidence that the amount at issue exceeds $75,000.00.  (Doc. 8-1 at pp. 3-5.)  Furthermore, to the extent that the Defendants could satisfy their burden, Plaintiff urges the Court to consider his post-removal stipulation which sets forth that his damages are limited to $75,000.00, exclusive of interests and costs, and that Plaintiff

2

"affirmatively waives his right to accept a judgment in excess of . . . $75,000.00.
(Doc. 8-1 at p. 4; Doc. 8-2 at p. 1.)

In opposing the Motion to remand, the Defendants have attached Plaintiff's pre-petition settlement demand along with various medical and billing records. (Doc. 10-1.)  Based on the medical evidence, Plaintiff's attorney "calculated [Plaintiff's] quantum to be $150,000," and he demanded $126,000 for full and final settlement of all claims.  (Doc. 10-1 at p. 5.)  Defendants state that settlement discussions reached an impasse with Plaintiff's final demand of $90,000.00.  (Doc. 10 at p. 4)

Defendants contend that Plaintiff's pre-petition settlement demand  and attached medical records sufficiently establish the amount in controversy as exceeding the jurisdictional threshold amount at the time of removal.  (Doc. 10 at pp. 7-9.)  They further contend that Plaintiff's post-petition stipulation does not establish to a legal certainty that the amount in controversy was not present at the time of removal and should, therefore, not be considered.  According to Defendants, the basis for jurisdiction was not ambiguous at the time of removal.  (Doc. 10 at p. 10.)

Plaintiff counters in his reply that any "reliance on a settlement demand to establish the amount in controversy is inherently faulty and misleading, simply because it only lends itself to more ambiguity."  (Doc. 13 at p. 2.)  On the issue of ambiguity, Plaintiff points out that Defendants' evaluation of the value of Plaintiff's

3

claim in connection with their settlement counteroffers directly conflicts with the evaluation of Plaintiff's claims in opposing the motion to remand.  (Doc. 13 at p. 2.)

### III.  Discussion

### A.     General Legal Principles

Federal district courts have subject matter jurisdiction over civil actions in which the amount in controversy exceeds $75,000 exclusive of interest and costs and the parties are citizens of different states.  28 U.S.C.A. § 1332. The person seeking to invoke federal court jurisdiction has the burden of proof to demonstrate at the outset of the litigation that the federal court has authority to hear the case.  *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).  Therefore, the removing party bears the burden of showing that federal jurisdiction exists. *Manguno v. Prudential Property and Cas. Ins. Co*., 276 F.3d 720, 723 (5th Cir. 2002).

In a case like this one, in which the plaintiff does not seek recovery of a determinate amount in his petition, the party invoking the Court's jurisdiction has the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.  *St. Paul Reinsurance*, 134 F.3d at 1253.  To satisfy that burden, the Defendants must either (1) demonstrate that it is facially apparent that the claims are likely above $75,000 or (2) set forth the specific facts in controversy that support a finding of the jurisdictional amount.  *Id*.  When the "facially apparent"

test is not met, it is appropriate for the Court to consider summary judgment-type evidence that is relevant to the amount in controversy at the time of removal.  *Allen v. R & H Oil and Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).  Should the Defendants meet their burden regarding the amount in controversy, Plaintiff "can defeat removal only by establishing with legal certainty that the claims are for less than $75,000." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

**B.     *Analysis***

In this case, Plaintiff alleges broad categories of damages, consisting of damages for medical expenses, physical and mental pain, the loss of enjoyment of life, loss of use of the vehicle, and loss of consortium.  (Doc. 5-1 at p. 4.)  Such categorical claims of damages, without providing specific facts for determining the severity of his injuries, does not assist the Court when determining whether the jurisdictional threshold amount has been satisfied.  Thus, based on these vague allegations, the Court concludes that the amount in controversy is not facially apparent.

When it is not facially apparent that the damages will exceed the jurisdictional minimum, it becomes necessary for the Court to consider whether the Defendants have met their burden of proving, through summary judgment-type evidence, that the amount in controversy is likely to exceed the jurisdictional minimum.  *Allen*, 63 F.3d

5

at 1335.  As evidence of the amount in controversy, the Defendants point to the pre-petition settlement demand letter sent by Plaintiff's attorney which offered to settle this case for $126,000.00. (Doc. 10-1.)  Plaintiff's attorney in that settlement demand letter, as supplemented by extensive medical and billing records, addressed Plaintiff's physical injuries, resulting treatment, and medical expenses.  (Doc. 10-1.)

While the Fifth Circuit Court of Appeals has not conclusively resolved the issue as to whether a pre-petition settlement demand letter can be considered relevant evidence of the amount in controversy, "it can be inferred from several Fifth Circuit cases that such practice is permissible when the settlement offer reflects an honest assessment of the value of the plaintiff's claims." *Thompson v. Acceptance Indemnity Ins. Co.*, No. 14-1424, 2014 WL 7369733, at \*4 (E.D. La. Dec. 29, 2014) (citing *Hartford Ins. Group v. Lou-Con Inc.*, 293 F.3d 908 (5th Cir. 2002)); *Wilson v. Belin*, 20 F.3d 644, 651 n.8 (5th Cir. 1994); *Pollet v. Sears Roebuck and Co.*, 46 Fed. Appx. 226 (5th Cir. 2002)).  Furthermore, several district courts within the Fifth Circuit have considered pre-petition settlement demand letters as "relevant evidence" of the amount in controversy.  *See, e.g. Tarleton v. Coca-Cola Refreshments USA, Inc.*, No. 16-0043, 2016 WL 541447, at \*1-2 (E.D. La. Feb. 11, 2016) (denying remand where the plaintiff's pre-petition settlement demand letter was for $81,080.00); *Soileau v. Louisville Ladder, Inc.*, No. 08-0385, 2008 WL 1924234, at \*2 (W.D. La. Apr. 28,

6

2008) (granting remand where pre-petition settlement demand was for $28,392);

*Fairchild v. State Farm Mut. Automobile Ins. Co.*, 907 F. Supp. 969, 970 (M.D. La.

1995) (denying remand where pre-petition settlement demand was for $110,000)).

"Along with submitting Plaintiff's pre-petition settlement demand letter,

Defendants have attached various medical and billing records used by Plaintiff to

support his demand of $126,000.00.  This medical evidence is summarized as

follows:

(1)   Plaintiff received nine months of chiropractic, therapeutic, and orthopedic treatment for a multitude of injuries, including cervical, thoracic and lumbar strains, cervical radiculitis, loss of cervical lordosis, the loss of cervical disc height at three levels, carpel tunnel syndrome, and lumbar spondylosis (Doc. 10-1 at pp. 4-5.)

(2)   Dr. R. B. Bulloch, an orthopedic surgeon who examined Plaintiff on January 15, 2016, opined that Plaintiff had a high likelihood of carpel tunnel syndrome, that the accident had exacerbated the cervical spine degenerative process, and that Plaintiff undergo both formal physical therapy and EMG and nerve conduction studies (Doc. 10-1 at pp. 38-45.)

(3)   Plaintiff's symptoms had not completely resolved by April 28, 2016, and he had not yet returned to work in the several months following his injury (Doc. 10-1 at pp. 21-45.)

(4)   Plaintiff had incurred medical charges totaling $8,220.76, which did not include the cost for ambulance services, for hospital charges, for orthopedic treatment and/or EMG and nerve conduction studies (Doc. 10-1 at pp. 52-58.)

In referencing the fact that Ace American made two counter-offers to Plaintiff of less than $25,000.00, Plaintiff appears to argue that his demand offer of $126,000.00 was an inflated assessment of damages.  (Doc. 8-1 at p. 4.)  Plaintiff attaches various emails detailing certain post-petition settlement negotiations between Plaintiff and Defendants.  (Doc. 13-1).  The email responses from Defendants indicate that they had reviewed the medical documentation submitted in support of the settlement demand letter and valued Plaintiff's injuries to be considerably less than $75,000.00.  (Doc. 13-1.)  Nevertheless, in light of the specificity of the pre-petition settlement demand letter as well as the detailed medical and billing records provided, the Court finds that the letter represents Plaintiff's actual valuation of his claims and constitutes relevant summary-judgment type evidence at the time of removal. *Marullo v. Dollar General Corp.*, No. 2:14-cv-1131, 2014 WL 3587879, at *2 (E.D. La. Jul. 21, 2014) (explaining that "settlement demand letters evidence the amount in controversy insofar as they represent a plaintiff's actual valuation of her claims"). Defendants, therefore, have shown by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.[1]

---

[1]  Plaintiff provides no evidence to suggest that he ever made a settlement offer of less than $75,000.00 or otherwise assessed his damages as less than this jurisdictional threshold prior to removal.  The Defendants' Notice of Removal reflects only that Plaintiff's last pre-petition demand was for damages in the amount of $90,000.00.  (Doc. 1 at p. 3.)

The Court now turns to the question of whether Plaintiff can defeat removal by establishing with legal certainty that his claims for damages are for less than $75,000.00. Plaintiff may satisfy his burden by filing a pre-removal binding stipulation, or affidavit, which affirmatively renounces his right to accept a judgment in excess of $75,000.00. *De Aguilar*, 47 F.3d at 1412. However, "[p]ost removal affidavits or stipulations do not deprive the district court of jurisdiction, and they are not to be considered in support of remand unless the amount in question is ambiguous at the time of removal." *Thibodeaux v. The Geo Group, Inc.*, No. 2:15-cv-673, 2016 WL 3845763, at *1 (W.D. La. June 20, 2016) (citing *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000)).

Plaintiff has submitted a post-removal stipulation, which sets forth that his damages are limited to $75,000.00, exclusive of interests and costs, and that Plaintiff "affirmatively waives his right to accept a judgment in excess of . . . $75,000.00. (Doc. 8-1 at p. 4; Doc. 8-2 at p. 1.) However, because the pre-petition settlement demand letter, as supported by detailed medical and billing records, established by a preponderance of the evidence that the amount in controversy exceeds $75,000.00, this Court's jurisdiction was not ambiguous at the time of removal. *See Tarleton*, 2016 WL 541447, at *2; *Thompson*, 2014 WL 7369733 at *5-6. Plaintiff's submission of the post-removal stipulation is, at best, "an impermissible attempt to

9

deprive this Court of jurisdiction that has already vested." *Thompson*, 2014 WL 7369733 at *6.  In declining to consider Plaintiff's post-removal stipulation, Plaintiff cannot establish with legal certainty that his claims for damages are less than the jurisdictional threshold amount.

## IV.  Conclusion

Based on the foregoing, the undersigned recommends that the Defendants' Motion to Remand (Doc. 8) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds

of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415

(5th  Cir.1996).

      **THUS DONE AND SIGNED** at Lafayette, Louisiana, this 19th day of

December, 2016.

**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**

11